IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| CURTIS JAMES McGUIRE,<br><br>Petitioner,<br><br>v.<br><br>DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE,<br><br>Respondent. | 2:26-CV-031-Z-BR |

## MEMORANDUM OPINION AND ORDER

Petitioner Curtis James McGuire filed a petition for writ of habeas corpus under 28 U.S.C. Section 2254. ECF No. 3. He also filed two petitions for early release based on his health condition and family circumstances. ECF Nos. 18, 19. Having considered the petitions, the record and applicable authorities, the Court summarily **DENIES** McGuire's petitions for the reasons set forth below.[1]

**BACKGROUND**

On May 7, 2015, McGuire was convicted in the 47th Judicial District of Randall County, Texas, on counts of aggravated sexual assault of a child and sexual assault of a child. ECF No. 3 at 1. He was sentenced to 23 years of imprisonment. *Id.* On January 23, 2026, McGuire filed this Section 2254 petition, alleging that he was improperly denied parole, and that the state trial court failed to provide him a copy of his parole packet, thus causing him to be denied parole. ECF No. 3 at 8, 15. He also claims that he is entitled to parole due to his deteriorating health and need for long-term medical care. ECF No. 18 at 1–2. Lastly, he seeks

---

[1] A habeas corpus petition under 28 U.S.C. Section 2254 is subject to summary dismissal if it appears from the face of the petition that the petitioner is not entitled to relief. *See* Rule 4 of the Section 2254 Rules ("If it plainly appears from the petition . . . that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.").

early release due to his family's financial problems and their need for him to provide for them. ECF No. 19 at 3.

**STANDARD OF REVIEW**

To state a claim for habeas corpus relief, a prisoner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. Section 2241(c)(3); *see also Hilliard v. Board of Pardons and Paroles*, 759 F.2d 1190, 1192 (5th Cir. 1985) ("[N]either habeas nor civil rights relief can be had absent the allegation by a plaintiff that he or she has been deprived of some right secured to him or her by the United States Constitution or the laws of the United States." (internal quotation omitted)).

The court is mindful that the petitioner represents himself in this case. Courts are required to give a *pro se* litigant's contentions a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted); *see also Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam) (noting that allegations in a *pro se* complaint, "however inartfully pleaded," are held to less stringent standards than formal pleadings drafted by lawyers). Even under this lenient standard, *pro se* litigants are still required to "properly plead sufficient facts that, when liberally construed, state a plausible claim to relief[.]" *E.E.O.C. v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014) (quoting *Champion v. United States*, 421 F. App'x 418, 423 (5th Cir. 2011); *Pickett v. Nunn*, 367 F. App'x 536, 537 (5th Cir. 2010)).

**LEGAL ANALYSIS**

McGuire asks the Court to order additional review of his application for parole. ECF No. 3 at 15. He states that he was improperly denied parole because he was unable to present a copy of his parole packet, which contained information that McGuire contends would have led him to be paroled. ECF No. 3-1 at 4–5. However, an inmate has no constitutional right to conditional release on parole before the expiration of his sentence. *See Board of Pardons v. Allen*, 482 U.S. 369, 378 n.10 (1987) (explaining that "statutes or regulations that provide

that a parole board 'may' release an inmate on parole do not give rise to a protected liberty interest"); *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 422 U.S. 1, 11 (1979) (holding that a parole statute that "provides no more than a mere hope that the benefit will be obtained" does not create a liberty interest that is protected by due process); *Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir. 1997) (holding that state prisoners in Texas "have no protected liberty interest in parole"); *Ex parte Johnson*, 541 S.W.3d 827, 830 (Tex. Crim. App. 2017) ("A Texas inmate does not have a liberty interest in release on parole."). Therefore, the allegedly improper denial of McGuire's parole application states no constitutional violation or basis for habeas relief.

In addition, McGuire seeks release from prison due to his medical condition and family circumstances. ECF No. 18, 19. Certain inmates confined in TDCJ may be released on Medically Recommended Intensive Supervision ("MRIS") if they are found eligible. Tex. Gov't Code Section 508.146(a). The Texas Correctional Office on Offenders with Medical or Mental Impairments ("TCOOMMI"), which is a division of TDCJ, is the agency that oversees release on MRIS. *See Hale v. Collier*, No. 1:20-CV-841-RP-SH, 2020 WL 5249532, at *1 (W.D. Tex. Sept. 3, 2020), *R. &. R. adopted as modified*, 2020 WL 6441099, at *2 (W.D. Tex. Nov. 3, 2020). If the TCOOMMI recommends that a state inmate should be released to MRIS, the application is then reviewed by the Texas Board of Pardons and Paroles ("Parole Board"), which has the sole and final authority regarding release of inmates to MRIS. *See id.* (citing Section 508.146(e)).

The Fifth Circuit and other district courts in Texas have held that state prisoners have "no constitutionally protected interest in release" on MRIS because "the decision whether to release an inmate to MRIS is entirely within the [Parole] Board's discretion." *Barker v. Owens*, 277 F. App'x 482, 2008 WL 1983782, at *1 (5th Cir. 2008) (per curiam);

*accord Moore v. TDCJ*, No. 3:17-CV-205-D, 2018 WL 4938796, at *4 (N.D. Tex. Sept. 10, 2018), *R. and R. adopted*, 2018 WL 4932517 (N.D. Tex. Oct. 11, 2018); *Foreman v. Director, TDCJ-CID*, No. 6:11cv116, 2011 WL 5080180, at *8 (E.D. Tex. July 12, 2011), *R. and R. adopted*, 2011 WL 5080174 (E.D. Tex. Oct. 24, 2011); *Miller v. Fox*, No. H-09-2455, 2010 WL 518772, at *4 (S.D. Tex. Feb. 2, 2010). As a result, a Texas inmate cannot state a claim for either civil rights or habeas relief by his allegation that he was denied release on parole or MRIS in violation of due process because "he has no constitutionally protected expectancy of release." *Hilliard*, 759 F.2d at 1192.

McGuire also seeks compassionate release under 18 U.S.C. Section 3582. However, this statute applies only to persons incarcerated by the Federal Bureau of Prisons, not by state prison facilities such as TDCJ. *See, e.g., Wilson v. Warden, Morehouse Parish Jail*, No. 20-1252, 2020 WL 7700611 (W.D. La. Nov. 16, 2020), *R. & R. adopted*, 2020 WL 7701492 (W.D. La. Dec. 28, 2020). There is no statutory provision allowing federal courts to order compassionate release for state inmates.

Because McGuire does not establish that he was denied release in violation of a constitutional right, his petitions (ECF Nos. 3, 18, 19) are **DENIED**.

**CERTIFICATE OF APPEALABILITY**

Additionally, the Court **DENIES** a certificate of appealability ("COA").[2] A district court may deny a COA *sua sponte* and without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing

[2]Because the Motion to Vacate is governed by the Antiterrorism and Effective Death Penalty Act, codified as amended at 28 U.S.C. Section 2253, a COA is a "jurisdictional prerequisite" before an appeal may proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (*citing* 28 U.S.C. Section 2253(c)(1)); *Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir. 1997) (noting that Section 2254 and 2255 actions require a COA).

Section 2254 and 2255 proceedings, and 28 U.S.C. Section 2253(c), the Court finds that McGuire has failed to show that reasonable jurists would find it "debatable whether the petition states a valid claim of the denial of a constitutional right" or "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

If McGuire files a notice of appeal, he must pay the $605.00 appellate filing fee or submit a motion to proceed *in forma pauperis*.

**SO ORDERED.**

October 21, 2026

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE